IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| **TERESA GRUBBS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) **Civil Action, Case No.:** ) |
| **D & S RESIDENTIAL SERVICES, LP,** *A Texas Limited Partnership,* | ) **JURY DEMANDED** ) ) ) |
| **Defendant.** | ) ) |

## VERIFIED COMPLAINT FOR
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COME NOW** Plaintiff Teresa Grubbs (hereinafter referred to as "Plaintiff"), by and through counsel, and brings the following Complaint against Defendant D & S Residential Services, LP (hereinafter "D & S" or "Defendant").

By way of vital prior procedural history, Plaintiff states as follows: On September 27, 2019, Plaintiff joined as opt-in plaintiff an FLSA collective action filed on October 28, 2018 in the United States District Court for the Western District of Tennessee and styled as follows: **Angela Lockhart v. D&S Residential Services, LP, 2:18-cv-02586.** Owing to Plaintiff's inability to attend court proceedings in this matter because of transportation difficulties in getting from her home in East Tennessee to Nashville and Memphis, Plaintiff sought and was granted voluntary dismissal without prejudice from the court on March 24, 2020, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See* attached order).

Plaintiff now respectfully moves this Honorable Court to be allowed, pursuant to FRCP

41, to proceed with the refiling and litigation of her claims against Defendant on her own behalf.

Wherefore, Plaintiff, for her Complaint against Defendant would state as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff bring this action against D & S for failure to pay Plaintiff for all hours worked, including time-and-a-half for all hours worked over 40 in a workweek, and for related penalties and damages.

3. Plaintiff is a former employee of Defendant who alleges that Defendant failed and refused to pay her for all hours worked, including the statutory required overtime premium for all hours worked over forty in a designated work week.

4. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

5. Plaintiff seeks declaratory relief, overtime premiums for all hours worked over forty in any given work week required, suffered, or permitted by Defendants and wages for all hours worked and not compensated, liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

6. Defendant's practice and policy is, and has been since on or about December 2016, to willfully fail and refuse to pay an overtime premium due and owing to its Program Supervisors, including Plaintiff, in violation of the FLSA, and to willfully fail to compensate such employees for all hours worked while employed by Defendant.

7. Defendant institutes and carries out an unlawful policy and practice of refusing to pay its Program Supervisors for all time worked and refusing to pay them overtime for all hours worked

2

Case 2:20-cv-00075-TRM-CRW   Document 1   Filed 04/07/20   Page 2 of 12   PageID #: 2
Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

in any given work week over forty, notwithstanding the fact that they are/were non-exempt employees entitled to overtime premiums under the FLSA.

## PARTIES

8. Ms. Grubbs is an adult resident of Limestone, Washington/Greene County, Tennessee.

9. Ms. Grubbs was an employee of Defendant for FLSA purposes during the relevant time period.

10. Defendant D & S Residential Services, LP is a Limited Partnership registered to do business in the State of Tennessee. D & S Residential Services, LP's principal office is in Austin, Texas. D & S Residential Services, LP may be served through its Registered Agent James Burgess at 269 Cusick Road, Suite C2 Alcoa, Tennessee 37701-3193. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

11. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

12. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

13. Defendant does business in the Eastern Division of Tennessee. Furthermore, a substantial part of the events giving rise to Ms. Grubb's claims occurred in the Eastern District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Eastern District of Tennessee.

Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

## FACTUAL BACKGROUND

14. Defendant employed Plaintiff as a Program Supervisor between January 2019 and September 2019.

15. Prior to December 2016, Defendant paid its Program Supervisors on a salary basis as "exempt" employees under the FLSA.

16. Beginning in December 2016 and continuing throughout Plaintiff's employment with the company, Defendant paid its Program Supervisors on an hourly rate basis as "non-exempt" employees under the FLSA.

17. Defendant failed and refused to pay Plaintiff for all hours worked.

18. Defendant failed and refused to pay Plaintiff overtime premiums for all hours worked over forty in any given workweek.

19. Defendant failed and refused to pay Plaintiff for "lunch break" hours actually worked in any given work week.

20. Defendant knew or should have known Plaintiff was working through her lunch break for Defendant's benefit and was rarely released from her duties completely during her so-called "lunch breaks" while working for Defendant.

21. Plaintiff was routinely responsible for making frequent home visits to the group homes for which she were responsible as Program Supervisors.

22. These home visits were made using the employee's own vehicle.

23. This work-related travel involved driving long-distances from the employee's base office, often to remote rural locations.

24. Defendant failed and refused to pay Plaintiff for "off-the-clock" time spent traveling to and from D&S properties.

Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

25.     Plaintiff was required to keep her company phone with her at all times, 24 hours per day, 7 days a week.

26.     Plaintiff was expected to respond to any work-related requests immediately and at all hours of the day or night.

27.     Because of the Defendant's on-call requirements, Plaintiff was prevented from effectively using her after-hours time for personal pursuits.

## FAIR LABOR STANDARDS ACT VIOLATIONS

28.     Plaintiff re-allege and incorporate herein the allegations contained in Paragraphs 1 through 21 as if they were set forth fully herein.

29.     Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

30.     Upon information and belief, at all relevant times, Defendant employed "employee[s]," including Plaintiff.

31.     Upon information and belief, at all relevant times, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COUNT I: Failure to Compensate for "after-hours" work

32.     Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 25 as if they were set forth fully herein.

33.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

5

Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

34. Plaintiff was entitled to compensation for all hours worked including work performed after hours.

35. By failing to pay Plaintiff for after-hours work performed, Defendant violated the FLSA, including 29 U.S.C. §§ 206 and 207, and owes Plaintiff just compensation.

36. Further, by failing to accurately record, report, and/or preserve records of hours worked by employees, Defendant has failed to make, keep, and preserve records with respect to its employees sufficient to determine wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

### COUNT II: Failure to compensate for "on-call" hours

38. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 32 as if they were set forth fully herein.

53. An employee who is required to remain on call must be compensated for such time if she "cannot use the time effectively for [her] own purposes." 29 C.F.R. § 785.17; *Adair v. Charter County of Wayne*, 452 F.3d 482, 487 (6th Cir. 2006).

54. Plaintiff was required to keep her company phones with her at all times, 24 hours per day, 7 days a week.

55. Per Defendant's clear expectations, Plaintiff routinely performed after-hours work, including answering emergency phone calls and texts at all hours of the night and addressing the related crises, including medical emergencies and staffing shortages.

Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

56. Plaintiff was expected to respond to any work-related requests immediately and at all hours of the day or night.

57. Because of Defendant's on-call requirements, Plaintiff's life was severely disrupted and she was prevented from effectively using her after-hours time for personal pursuits.

58. Because on-call time was effectively work-time under the case law and FLSA supporting regulations, Defendant violated the FLSA by failing to compensate Plaintiff for every hour during which she was on call, and owes Plaintiff just compensation.

### COUNT III: Failure to compensate for travel time

39. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 58 as if they were set forth fully herein.

59. Employers need not compensate employees for travel time to and from the actual place of performance of the principal activity or activities an employee is expected to perform. 29 U.S.C. § 254(a).

60. However, "[t}ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 758.

61. Plaintiff routinely was responsible for making frequent routine home visits to the group homes for which she was responsible as Program Supervisor.

62. These home visits were made using the employee's own vehicle.

63. This work-related travel involved driving long-distance from the employee's base office, often to remote rural locations.

64. Defendant failed and refused to pay Plaintiff for "off-the-clock" time spent traveling to and from D&S properties.

Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

65. Because this travel time was effectively work-time under the case law and FLSA supporting regulations, Defendant violated the FLSA by failing to compensate Plaintiff for every hour of work-related travel time, and owes Plaintiff just compensation.

### COUNT IV: Failure to compensate for meal time worked

66. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 65 as if they were set forth fully herein.

67. While *bona fide* meal periods are not worktime, to qualify as a *bona fide* meal period the employee must be completely relieved from duty for the purposes of eating regular meals. 29 C.F.R. § 785.17

68. The employee is not relieved from duty if she is required to perform any duties, whether active or inactive, while eating. *Id.* "For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating." *Id*.

69. Plaintiff was rarely released from her duties completely during their so-called "lunch breaks" while working for Defendant.

70. Consequently, Defendant failed to compensate Plaintiff for all compensable time she worked for Defendant which was improperly designated as "lunch breaks."

71. By failing to pay Plaintiff for meal periods in which she was not properly relieved from duty, Defendant violated the FLSA and its supporting regulations and owes Plaintiff just compensation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

2. Judgement against Defendant that its violations of the FLSA were willful;

3. Pre-Judgment and Post-Judgment interest, as provided by law;

4. An award of money damages for unpaid wages, including liquidated damages, pre-judgment and post-judgment interest, and penalties in an exact amount to be determined at trial;

5. Award Plaintiff costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Doc ID: eff0ea4f23485cfb0a30fafbae44b3edf1226d4f

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

s/Alan Crone
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990 (to be admitted *pro hac vice*)
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
844.445.2387 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION IN SUPPORT OF COMPLAINT

I, Teresa Grubbs, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*Teresa Grubbs*
———————————————
Teresa Grubbs



# Audit Trail

| | |
|---|---|
| **TITLE** | Grubbs - Revised/FINAL Complaint to review/verify |
| **FILE NAME** | Grubbs Complaint ...- unverified.docx |
| **DOCUMENT ID** | eff0ea4f23485cfb0a30fafbae44b3edf1226d4f |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**    04 / 03 / 2020    12:15:00 UTC-6
Sent for signature to Teresa Grubbs (grubbie55@comcast.net) from jlc@cronelawfirmplc.com
IP: 73.177.108.241

**VIEWED**    04 / 03 / 2020    16:11:02 UTC-6
Viewed by Teresa Grubbs (grubbie55@comcast.net)
IP: 174.196.11.119

**SIGNED**    04 / 06 / 2020    18:42:00 UTC-6
Signed by Teresa Grubbs (grubbie55@comcast.net)
IP: 73.121.231.39

**COMPLETED**    04 / 06 / 2020    18:42:00 UTC-6
The document has been completed.

Powered by HelloSign