# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| TERESA GRUBBS, | ) | |
| | ) | Case No. 2:20-cv-75 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| D & S RESIDENTIAL SERVICES, LP, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is the parties' joint motion for approval of settlement of claims under the Fair Labor Standards Act ("FLSA") (Doc. 37).

### I.  BACKGROUND

Plaintiff filed this action on April 7, 2020, alleging that Defendant violated the FLSA by failing to adequately compensate her for the hours she worked while employed by Defendant. (*See* Doc. 1, at 2, 4–8.)  The parties have now settled their dispute and filed their settlement agreement with the Court.  (*See* Doc. 37-1.)  Defendant agrees to pay Plaintiff a total of $7,500.00 to resolve her claims—$6,602.00 paid directly to Plaintiff and $898.00 in attorneys' fees and costs.  (Doc. 37-1, at 1.)  Pursuant to the agreement, Plaintiff will release all claims related to this dispute against Defendant.  (*Id.* at 2.)

### II.  STANDARD OF REVIEW

In reviewing an FLSA settlement, courts scrutinize the proposed settlement to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA

provisions." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

An award of attorneys' fees and costs to Plaintiff's counsel must be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The Court "must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.* Two methods may be used, the percentage-of-the-fund method and the lodestar method, and the Court must consider which method is more appropriate for the particular case. *Id.* The lodestar method calculates the number of hours reasonably expended by a reasonable hourly rate, while the percentage-of-the-fund method better accounts for the attorneys' success. *Id.*

Courts often also consider the following factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996)).

## III.   ANALYSIS

The Court **FINDS** that the proposed settlement payment of $6,602.00 to Plaintiff is a fair and reasonable resolution of a bona fide dispute. The Court further **FINDS** that attorney's fees and costs of $898.00 are reasonable and appropriate under the circumstances. Accordingly, the motion (Doc. 37) is **GRANTED**, and the settlement agreement (Doc. 37-1) is **APPROVED**.

2

The Court will **DISMISS WITH PREJUDICE** this action.

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS** the motion (Doc. 37) and hereby:

1. **APPROVES** the settlement agreement for an amount of $6,602.00 payable to Plaintiff;

2. **AWARDS** reasonable attorney's fees and expenses to Plaintiff's counsel in the amount of $898.00; and

3. **DISMISSES** this action **WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

> **/s/ *Travis R. McDonough***
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**